IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILLY TODD WATKINS,             )
                                )
          Petitioner,           )
                                )
     v.                         )     1:09CV451
                                )
ALVIN W. KELLER, JR.,           )
                                )
          Respondent.           )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

### Facts and Background

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Docket Entry 1.) On September 28, 2004, Petitioner was arrested on thirty-three counts of first-degree sexual offense with a child and thirty-three counts of indecent liberties. A month later, on October 28, 2004, Petitioner filed a pro se petition for writ of habeas corpus in state court arguing that his bond was excessive and that the warrants upon which he was arrested were invalid because they were based on untrue and unsworn hearsay statements. On July 1, 2005, and without his state habeas petition having been heard, Petitioner pled guilty to the first-degree sexual offense charges, a charge of breaking and entering a motor vehicle, and a charge of being a habitual felon. He received a consolidated sentence of 300 to 369 months of imprisonment. The plea bargain avoided a possible sentence of life without parole.

On April 30, 2009, Petitioner, through counsel, filed another habeas petition in state court. The second state petition alleged that his rights had been violated because his first state petition was never ruled upon. Petitioner received a hearing on his second state petition, but the state court denied it on June 10, 2009. The denial was based on N.C. Gen. Stat. § 17-4, which requires rejection of state habeas corpus petitions filed in the North Carolina courts if the person seeking the writ has been "committed or detained by virtue of the final order, judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such final order, judgment or decree."

Petitioner next brought his instant federal habeas action in this Court. Respondent has filed a motion seeking summary judgment. (Docket Entry 4.) During the pendency of the instant federal action, Petitioner filed a "Motion for a Show Cause Order upon Magistrate Assigned to this Case for the Middle District of North Carolina." (Docket Entry 9.) In that document, Petitioner requests "that the assigned Magistrate Mr. Patrick Auld give his recommendation to the judge . . . . (Id. at 1.) The parties subsequently consented to the jurisdiction of a United States Magistrate Judge. (See Docket Entry 12.) In light of that fact, Petitioner's foregoing request is moot.[1]

---

[1] In other respects, the document in question re-hashes Petitioner's arguments from his instant Petition. This Memorandum Opinion and Order addresses those matters and thus moots these aspects of said "Motion."

## Petitioner's Claims

Petitioner raises three possible claims for relief in his habeas petition. First, he asserts that his due process rights were violated when his initial state habeas petition was not scheduled and heard in the state courts. Second, he claims that the use of N.C. Gen. Stat. § 17-4 to deny his second state habeas petition also violated his due process rights. Finally, Petitioner sets out a confusing third claim that appears to repeat points raised in his first two claims for relief.

## Claim One

Petitioner's first claim for relief, and the real heart of his federal habeas petition, is that the state court failed to hear his original state habeas petition. As Petitioner phrases it in his response to the motion for summary judgment: "Prosecutor Randy Carroll did not put the petitioner on the calender for a Habeas Corpus hearing October 28, 2004. This is the issue." (Docket Entry 7 at 1.) Petitioner cannot pursue that matter in this Court because, if any error arose from the failure of state officials to calender his petition, he later waived it by pleading guilty. In fact, by entering a valid guilty plea, Petitioner waived all antecedent, non-jurisdictional errors. Tollett v. Henderson, 411 U.S. 258, 267 (1973).

As the Supreme Court stated in that case:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

> claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. In light of this authority, Petitioner's first claim for relief is denied.

### Claims Two and Three

Petitioner's second and third claims for relief fare no better. Petitioner contends that the State violated his rights in some way by denying his second petition under N.C. Gen. Stat. § 17-4, which prohibits the granting of a state habeas petition filed by someone imprisoned pursuant to a final judgment. To the extent Petitioner argues that said state statute should not have applied because his second state petition related to his first state petition and his conviction occurred after the filing of the first state petition, his argument fails.

Petitioner filed his second state petition after his conviction and N.C. Gen. Stat. § 17-4 very clearly states that such petitions must be denied. As for any connection to the first petition, Petitioner has, as noted above, waived any errors that occurred prior to his guilty plea. In any event, a state's constructions and applications of its own statutes are not ordinarily matters for federal habeas review. See generally Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner has given no reason why this case would present an exception to that rule.

Accordingly, his second and third claims for relief are also denied.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment (Docket Entry 4) is granted, that the habeas petition (Docket Entry 1) is denied, and that this action be, and the same hereby is, dismissed.

**IT IS FURTHER ORDERED** that Petitioner's motion for show cause order (Docket Entry 9) is denied.


                                             /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                        **United States Magistrate Judge**

September 21, 2010